UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALFRED E. WILLIAMS,<br><br>       Plaintiff,<br><br> v.<br><br>SUPERIOR COURT OF WASHINGTON<br>FOR KING COUNTY, et al.,<br><br>       Defendants. | CASE NO. C18-0863-RSM-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding pro se and *in forma pauperis*, submitted a complaint pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). He must show named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff is confined at King County Jail, Kent Regional Justice Center, and names as

defendants in this matter the Superior Court of Washington for King County and Superior Court Judge Bill A. Bowman. He alleges false imprisonment, following an unlawful arrest and detainment on or about January 15, 2018, and discrimination based on his race. He points to a criminal matter against him pending in superior court and seeks monetary damages.

On July 27, 2018, the Court issued an Order directing plaintiff to show cause within thirty days why this action should not dismissed. The Court noted that failure to timely respond would result in a recommendation this action be dismissed. To date, the Court has not received a response. The Court therefore finds and concludes as follows.

A review of state court filings confirms the existence of a related criminal matter in King County Superior Court, plaintiff's July 18, 2018 guilty plea in that matter, and his filing of two now consolidated and currently pending appeals. *See* https://dw.courts.wa.gov (*State v. Williams*, No. 18-1-01114-7; and Court of Appeals Div. I Nos. 786555 and 787837). Because plaintiff is seeking relief in this civil rights action based upon claims likely to be litigated during the course of state court criminal proceedings, and because plaintiff makes no showing of extraordinary circumstances that would justify this Court's intervention in those proceedings, abstention principles apply pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and *Gilbertson v. Albright*, 381 F.3d 965, 979-80 (9th Cir. 2004). While those proceedings remain ongoing, the Court would be required to stay any civil rights action. *Gilbertson*, 381 F.3d at 980-82.[1]

---

[1] If plaintiff's state criminal proceeding resolves in the near future, with his conviction affirmed on appeal, this action would then be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When a state prisoner brings a § 1983 action for damages or injunctive relief, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, sentence, or confinement. *Id.* at 487-90. "[I]f it would, the complaint must be dismissed," unless the plaintiff can demonstrate the conviction or confinement has already been invalidated, expunged, or otherwise impugned. *Id.* at 487; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

REPORT AND RECOMMENDATION
PAGE - 2

However, the Court need not consider entering a stay. Neither states, nor entities that are arms of the state, such as the state superior court, are persons for purposes of § 1983. *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). Judges are absolutely immune for all judicial acts performed within their subject matter jurisdiction when the plaintiff is seeking damages for a civil rights violation. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). Accordingly, plaintiff may not sue either King County Superior Court or Judge Bowman in this matter. Moreover, because there are no viable defendants named, this action is subject to dismissal.

The Court herein recommends plaintiff's claims against King County Superior Court and Judge Bowman be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be

/ / /

ready for consideration by the District Judge on **October 26, 2018**.

DATED this 3rd day of October, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4